**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 2:12-cv-00094-MR
(CRIMINAL CASE NO. 2:09-cr-00029-MR-1)**

| | |
|---|---|
| ALBERT ESPINOZA, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1]. For the reasons that follow, the Court will deny and dismiss the petition.

## I. PROCEDURAL HISTORY

On January 21, 2010, Petitioner pled guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute at least 1000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. [Criminal Case No. 2:09-cr-00029-MR-1: Doc. 94: Plea Agreement; Doc. 98: Entry and Acceptance of Guilty Plea]. Petitioner agreed in the plea agreement to cooperate by providing truthful testimony and information, and

he waived all rights to contest his conviction and sentence, except for claims of ineffective assistance of counsel or prosecutorial misconduct. [Id., Doc. 94 at 5; 6]. The waiver included any objections and rights to appeal or collaterally attack the Government's determination that he failed to provide substantial information or that he knowingly provided false information. [Id. at 8]. The plea agreement also provided that the Government had the sole discretion to determine whether Petitioner provided substantial assistance warranting a motion for a departure pursuant to U.S.S.G. § 5K1.1, and whether Petitioner knowingly provided false information. [Id.]. Finally, the plea agreement stated that, regardless of any substantial assistance, "the United States will not move for a reduction in sentence and may seek an increased sentence if the defendant knowingly furnishes materially false information." [Id.].

Before sentencing, the Government filed a motion for a downward departure pursuant to U.S.S.G. § 5K1.1 based on Petitioner's substantial assistance. [Id., Doc. 150: Motion for Downward Departure]. After Petitioner's testimony at sentencing, however, and based on the Government's determination that he made false statements therein, the Government withdrew the motion and sought a two-level increase for obstruction of justice under U.S.S.G. § 3C1.1. [Id., Doc. 182 at 91:

Sentencing Hearing]. This Court allowed the withdrawal of the § 5K1.1 motion but denied the increase for obstruction of justice. The Court sentenced Petitioner within the advisory Guidelines sentencing range to 210 months of imprisonment. [Id., Doc. 182 at 93; 100; Doc. 161: Judgment].

Petitioner appealed, arguing that the Government breached the plea agreement by withdrawing its U.S.S.G. § 5K1.1 motion, that counsel provided ineffective assistance at sentencing, and that this Court committed four sentencing errors. In response, the Government argued that Petitioner validly waived the right to appeal his conviction and sentence, that the Government did not breach the plea agreement, and that Petitioner's ineffective assistance of counsel claim was not supported by the record and was, therefore, not cognizable on direct appeal. On December 12, 2011, the Fourth Circuit Court of Appeals dismissed Petitioner's appeal in an unpublished, per curiam opinion. United States v. Espinoza, 457 F. App'x 241 (4th Cir. 2011). As to Petitioner's claim that the Government breached the plea agreement, the Fourth Circuit stated as follows:

> Espinoza does not challenge the validity of his plea or the waiver of his right to appeal. Instead, Espinoza contends that the appeal waiver is unenforceable because the Government breached the plea agreement containing the waiver by withdrawing its USSG § 5K1.1 motion and seeking sentencing enhancements. United States v. Cohen, 459 F.3d 490, 495 (4th Cir. 2006).

3

> Our review of the record and the plain language of the plea agreement lead us to conclude that the Government acted within its discretion and did not breach the plea agreement. Wade v. United States, 504 U.S. 181, 184-87, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992) (in absence of cooperation agreement, Government's decision regarding § 5K1.1 motion is reviewed to determine whether it was based on an unconstitutional motive); United States v. Hartwell, 448 F.3d 707, 718 (4th Cir. 2006). Because there was no breach, the waiver of appeal is valid and enforceable as to all substantive sentencing issues asserted by Espinoza. Accordingly, we dismiss that portion of Espinoza's appeal.

Id. at *1. Finding no conclusive evidence of ineffective assistance of counsel, the Fourth Circuit declined to address Petitioner's ineffective assistance of counsel claim. Id. at *2. Petitioner did not file a petition for writ of certiorari with the U.S. Supreme Court.

Petitioner placed the instant petition in the prison mailing system on September 26, 2012, and it was stamp-filed in this Court on December 11, 2012. [Doc. 1]. In the § 2255 petition, Petitioner again argues that the Government breached the plea agreement by withdrawing its motion for downward departure based on substantial assistance and that trial counsel was ineffective for failing to move to withdraw Petitioner's guilty plea based on the Government's alleged breach of the plea agreement.

4

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

As noted above, Petitioner claims that the Government breached the plea agreement by withdrawing its motion for downward departure based on substantial assistance. Petitioner is barred from bringing this current claim because, as the Fourth Circuit concluded, such claim is barred by the plea waiver in Petitioner's plea agreement. The Fourth Circuit also concluded that, in any event, the Government did not breach the plea agreement.[1] See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (stating that a petitioner may not "recast, under the guise of collateral attack,

---

[1] That is, in determining whether the plea waiver was enforceable, the court first had to adjudicate the substantive claim of breach of the plea agreement itself.

5

questions fully considered" on direct appeal).  Accordingly, Petitioner's claim is barred and, as the Fourth Circuit already held, without merit.

Next, given that the Government did not breach the plea agreement, Petitioner's counsel was not ineffective for failing to move to withdraw Petitioner's guilty plea based on the alleged breach.  Thus, Petitioner's ineffective assistance of counsel claim also fails.

**IV.  CONCLUSION**

For the reasons stated herein, the Court will dismiss the § 2255 petition.

The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right.  See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)).  Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right.  Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).  As a result, the Court declines to issue a certificate of appealability.

6

See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 motion [Doc. 1] is **DENIED AND DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: May 20, 2014

Martin Reidinger
United States District Judge